## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

FREDIE PHILLIP KORYAL,

                  Petitioner,                    Case Number: 20-11864
                                                      Hon. Thomas L. Ludington

v.

SARAH SCHROEDER, WARDEN,

                  Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Fredie Phillip Koryal, currently confined in the Alger Correctional Facility, Munising, Michigan, filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions of first-degree criminal sexual conduct, assault with intent to do great bodily harm less than murder, and domestic violence. Petitioner's sole ground for habeas relief is that hearsay testimony was improperly admitted, denying him his due process rights to a fair trial. For the reasons that follow, the petition for writ of habeas corpus will be summarily dismissed.

### I.

An Oakland County Circuit Court jury convicted Petitioner of three counts of first-degree criminal sexual conduct (CSC-1), Mich. Comp. Laws § 750.520b(1)(f), assault with intent to do great bodily harm less than murder (AWIGBH), Mich. Comp. Laws § 750.84, and domestic violence, Mich. Comp. Laws § 750.812. Petitioner was sentenced to fifteen to fifty years in prison

for each of the CSC-1 convictions, three to ten years for the assault conviction, and 93 days in jail for domestic violence.

Petitioner's conviction was affirmed on appeal. *People v. Koryal*, No. 343794, 2019 WL 4126571 (Mich. Ct. App. Aug. 29, 2019) (per curiam), *appeal denied*, 937 N.W.2d 675 (Mich. 2020). The Michigan Court of Appeals noted that

> [b]oth defendant and the victim testified at trial, offering conflicting versions of the events that took place on the night in question. In addition, an emergency-room physician and a nurse-sexual-assault examiner testified regarding what the victim told them about the incident, and the trial court admitted their medical reports into evidence.

*Koryal*, 2019 WL 4126571, at *1. Also testifying were police and a paramedic who responded at the scene. *Id*. at *2.

Petitioner challenged his convictions on the basis that the testimony of the medical witnesses "was not reasonably related to medical diagnosis and treatment, thereby denying defendant his due-process right to a fair trial." *Id*. He argued that the case was "essentially . . . a credibility contest[,]" and that the evidence was not "overwhelming[.]"*Id*. at *7. The state court of appeals analyzed Petitioner's claim against the hearsay exception of Michigan Rule of Evidence 803(4). *Id*. at *5. It held that the trial court did not err in admitting witnesses' testimony and their medical reports. *Id*. at *7.

Now before the Court, Petitioner raises the same issue in his application for habeas relief:

> PETITIONER WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL GUARANTEED BY THE UNITED STATES CONSTITUTION, AM. XIV; WHERE THE TRIAL COURT ABUSED ITS DISCRETION BY PERMITTING DR. KATIA NAKAHODL AND DIANE ZALECKI-BERTALAN TO OFFER EVIDENCE THAT WAS NOT REASONABLY RELATED TO MEDICAL DIAGNOSIS AND TREATMENT.

ECF No. 1 at PageID.14.

## II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id*.; *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Rule 4 dismissals include those "which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005) (citing *Carson*, 178 F.3d at 436–37).

After undertaking the review required by Rule 4, the Court concludes that Petitioner's evidentiary claim does not entitle him to habeas relief. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

## III.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id*. Errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000).

"If a ruling is especially egregious and 'results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief.'" *Wilson v. Sheldon*, 874 F.3d 470, 475 (6th

Cir. 2017) (citing *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003)). In general, however, state courts' rulings on the admissibility of evidence will not be found to violate due process "unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id*. at 475–76 (quoting *Seymour*, 224 F.3d at 552) (internal quotation marks and alterations omitted). "Ultimately, states have wide latitude with regard to evidentiary matters under the Due Process Clause." *Id*. at 476.

Here, the state court of appeals analyzed the admissibility of the physician and nurse's testimony under Mich. R. Evidence 803(4), which permits admission of "[s]tatements made for purposes of medical treatment or diagnosis . . ." as an exception to hearsay exclusion rules. *People v. Koryal*, 2019 WL 4126571, at *5. The court found most of the challenged testimony was "reasonably necessary for diagnosis and treatment." *Id*. at *6. Evidence the court found "arguabl[y]" unnecessary for medical purposes—for instance, that the victim told the doctor she was dressed in lingerie—were also admitted through the victim's and Petitioner's testimony as well as that of police officers and a neighbor. *Id*. The court thus found the doctor's testimony did not affect Petitioner's substantial rights. *Id*. at *7. Petitioner's challenge to the sexual-assault nurse examiner's testimony was rejected for the same reasons. *Id*.

Petitioner's challenge to the admission of the doctor's and nurse's testimony does not entitle him to habeas relief. The Michigan Court of Appeals' ruling that the evidence complied with state laws and rules of evidence is not cognizable on habeas review. *Wilson*, 874 F.3d at 475-76. In addition, the state court determined that any evidence which perhaps should not have been admitted was redundant with the testimony of several witnesses, including Petitioner's own. *Koryal*, 2019 WL 4126571, at *5. The admission of the challenged testimony was neither "egregious" nor a violation of "fundamental fairness." *Wilson*, 874 F.3d at 475.

**IV.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed. Therefore, the Court denies a certificate of appealability. The Court will also deny Petitioner permission to proceed on appeal *in forma pauperis* because an appeal cannot be taken in good faith. 28 U.S.C. § 1915(a)(3).

**V.**

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED** with prejudice.

It is further **ORDERED** that a certificate of appealability and permission to appeal *in forma pauperis* are **DENIED**.

Dated: August 12, 2020                                    s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **FREDIE P. KORYAL** #390355, ALGER MAXIMUM CORRECTIONAL FACILITY, N6141 INDUSTRIAL PARK DRIVE, MUNISING, MI 49862 by first class U.S. mail on August 12, 2020.

                                          s/Kelly Winslow
                                          KELLY WINSLOW, Case Manager